IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RODNEY L. HELLMAN,**

    **Petitioner,**

  v.         CASE NO. 09-3223-SAC

**KAREN ROHLING,**
**Warden, et al.,**

    **Respondents.**

### **O R D E R**

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. Petitioner has also filed a "Forma Pauperis Affidavit", which was filed as an application to proceed without prepayment of fees (Doc. 2), and a Motion to Appoint Counsel (Doc. 3). Having examined these documents, the court finds as follows.

**MOTIONS**

Petitioner's motion to proceed without prepayment of fees is not complete. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under § 1915(a). This action may not proceed until he has submitted a motion that conforms to the requirements of § 1915(a). Petitioner

will be given time to file a motion to proceed without prepayment of fees on court-provided forms and that is properly supported. If he fails to file such a motion in the time allotted, this action may be dismissed without further notice and without prejudice, for failure to satisfy the filing fee prerequisites.

Petitioner's motion to appoint counsel has been considered and shall be denied at this juncture. There is no constitutional right to appointment of counsel in a federal habeas corpus proceeding. The court finds petitioner is capable of presenting his claims and facts in support. The court also finds, for reasons which follow, that this action is likely to be dismissed. Mr. Hellman may renew this motion at a later time, if this action survives screening.

**PROCEDURAL BACKGROUND**

Petitioner was convicted upon his plea of guilty in Johnson County District Court of aggravated burglary. On August 13, 2004, he was sentenced to 130 months in prison. He did not directly appeal his conviction or sentence. Nor has he sought permission to file a late appeal.

Petitioner alleges he filed a state motion pursuant to K.S.A. 60-1507, which was denied without a hearing on July 28, 2008. He did not appeal this denial. Petitioner alleges he filed a second 60-1507 motion, which was denied without a hearing on March 17, 2009. He did not appeal this denial. Petitioner alleges he filed a third state post-conviction motion, citing K.S.A. 60-1501, which was denied without a hearing on July 15, 2009. He did not appeal. Petitioner's explanation for his failure to appeal these denials is that he is a layman at law, mentally unstable, and unsure of how to

proceed.

**GROUNDS**

As ground one, petitioner claims his trial defense counsel was ineffective in that she failed to present a solid defense of lack of mental state under K.S.A. 22-3220. He asserts his rights under the Sixth Amendment were violated. As factual support, petitioner alleges the following. He was tried for offenses that occurred in Wyandotte County as well as the charges underlying his convictions in Johnson County for events that occurred in both counties over a two-week period of time. His attorney in the Wyandotte County proceedings "wanted to apply" the defense of "mental disease or defect" and "even had experts to testify on (his) behalf" that he "lacked the requisite state of mind to commit the crimes" charged. Petitioner thus argues that he lacked the requisite mental state at the time the crimes were committed in both counties. Mr. Hellman alleges he raised this claim in his second and third 1507 motions.

As ground two, petitioner claims his Fourteenth Amendment due process rights were violated in that he was convicted while incompetent. In support, he alleges as follows. At the time of the Johnson County court proceedings, he "was suffering from a mental illness and defect" that caused him to lack "the capacity to consult with (his) lawyer" and "significantly compromised (his) ability to make or assist in making a solid defense." He "seriously believe(s)" he was incompetent at the time he was convicted. His counsel failed to properly check all his prior court and mental health records, which "include five prior competency evaluations,

3

(and) four prior mental health facilitys (sic)." She also failed to speak to the experts who were willing to testify on his behalf and to "the mental health professionals in the county jail"; and to see if he was on proper medication for his mental illness. He claims that if she had done these things she "would have sought another pretrial competency evaluation." Petitioner alleges he raised this claim in his second and third state post-conviction motions.

Mr. Hellman admits these grounds have not been presented to the highest state court having jurisdiction. He further states that he now has an action pending in Pawnee County regarding the conviction under attack, citing KSA 60-1501 and case number 09-cv-64.

**FAILURE TO EXHAUST STATE COURT REMEDIES**

    28 U.S.C. 2254(b)(1) provides:

    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state

4

court, either by direct review of the conviction or in a post-conviction attack." <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994). He must seek post-conviction relief in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review by the Kansas Supreme Court.

The court finds that this action should be dismissed because Mr. Hellman has not presented his claims to the Kansas appellate courts. Two of his excuses for his failure, that he is a layman at law and did not know how to proceed, are completely conclusory. Moreover, not being an attorney or knowledgeable of the law is not a sufficient excuse for failure to exhaust state remedies prior to filing a federal habeas corpus petition. Most such petitions are filed pro se by inmates having little or no knowledge of the law.

His alleged excuse that he did not exhaust because he is mentally unstable is also conclusory. The allegations in the petition show that Mr. Hellman is capable of presenting his claims and facts in support, which is all a pro se litigant is required to do. There are no factual allegations showing how his alleged mental instability prevented him from filing notices of appeal[1], but not the initial actions in state court or this action in federal court.

Furthermore, petitioner currently has an action pending in Pawnee County Court, which he states is in regard to the convictions

---

[1] Petitioner alleges no facts showing he made any effort to appeal the denial of his three state post-conviction motions. He does not allege that he expressed his intent to the state courts to file a timely Notice of Appeal. He must describe efforts he made to file an appeal and how those efforts were thwarted if he means to suggest that state remedies were ineffective.

5

he seeks to challenge herein[2]. He may not proceed in federal court until he has exhausted all the remedies available in the state courts.

Petitioner will be given time to show cause why this action should not be dismissed without prejudice for failure to exhaust state court remedies. If he fails to show good cause in the time allotted, this action may be dismissed without prejudice and without further notice for failure to exhaust.

Finally, the court notes Mr. Hellman had one year from the date his Johnson County convictions became "final" to file a petition challenging those convictions in federal court. See 28 U.S.C. § 2244(d)[3]. Since he filed no direct appeal, it appears his convictions became final sometime in the last month or two of 2004. He had one year from the date his conviction became final to file in federal court, unless he is able to show entitlement to either statutory or equitable tolling. The court expresses no opinion as to the timeliness of this federal petition; except to note there is no indication that dismissal of this action for failure to exhaust is ill-advised because of time remaining in the federal statute of

---

[2] It is this court's understanding that a post-conviction motion challenging convictions in Johnson County must be filed in Johnson County District Court.

[3] The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

limitations applicable to his case.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to file a motion to proceed without prepayment of fees upon forms provided by the court that is supported by a statement of his inmate account for the appropriate six-month period, and in which to show cause why this action should not be dismissed for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

The clerk is directed to send petitioner forms for filing a motion to proceed without prepayment of fees.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge